IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALEX A. FRENCH, | ) |
|            Plaintiff, | ) |
| v. | ) |
| OFFICER WILLIAM WISE (Star #481), and the VILLAGE OF LISLE, ILLINOIS, an Illinois municipal corporation, | ) ) )    JURY DEMANDED |
|            Defendants. | ) |

### COMPLAINT AT LAW

NOW COMES the Plaintiff, ALEX A. FRENCH, by and through LAW FIRM OF DAVID G. SIGALE, P.C. and RAMSELL & KUNOWSKI, L.L.C., his attorneys, and for his Complaint against the Defendant, OFFICER WILLIAM WISE (Star #481) and VILLAGE OF LISLE, ILLINOIS, an Illinois municipal corporation, states and alleges as follows:

### INTRODUCTION

1. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of French's Fourth Amendment rights as secured by the United States Constitution by Wise, who at all relevant times was an Officer with the Lisle Police Department.

2. Specifically, as a result of police misconduct and abuse more fully described below, French was unlawfully detained and submitted to unreasonable search and seizure, false imprisonment, and other tortious actions causing him to suffer significant injury.

1

## JURISDICTION & VENUE

3. The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the judicial code, 28 U.S.C. §§ 1331 and 1343(a); the Constitution of the United States; and pendent jurisdiction as provided under 28 U.S.C. § 1367(a). Venue is founded in this judicial Court pursuant to 28 U.S.C. § 1391, as the acts complained of occurred in this District.

## PARTIES

4. Plaintiff French is an adult more than 18 years old with a residence in the Village of Lake Bluff, County of Lake, State of Illinois. He was harmed by Wise in DuPage County, Illinois.

5. Defendant Wise is believed at all relevant times to have been a Lisle Police Officer, assigned Star #481. He harmed French in the City of Lisle, County of DuPage at all times relevant to this Complaint. He is sued in his individual capacity.

6. Defendant Village of Lisle, Illinois at all relevant times was a municipal corporation, and the principal employer of the individual Defendant Wise, who at all relevant times was acting under color of law and within the course and scope of his employment with the Village of Lisle.

## FACTS

7. On April 28, 2021, at approximately 9:52 P.M. on a rainy night, Plaintiff French was standing outside his vehicle on Route 53 at or near its intersection with Summerhill Drive. His vehicle was out of gas and stalled in the

right lane. French was attempting to put gasoline in the vehicle, but was having trouble doing so with the "safety" feature of the gasoline container in the dark.

8. At that date and time, Wise appeared in his capacity as a Lisle Police Officer and stopped his marked vehicle behind French's vehicle, ostensibly to serve a community caretaker function. Despite the lack of any reasonable suspicion that French had violated any law, Wise decided to convert the situation from a community caretaker encounter to one that became custodial. Wise seized French's driver's license, putting French in a position where he was not free to leave, and attempted to compel French to engage in roadside sobriety tests.

9. The only basis for detention was the odor of gasoline, bloodshot eyes and an unwillingness by French to voluntarily participate in the criminal investigation of himself. However, despite lacking any probable cause that French was intoxicated or in violation of any other law, Wise arrested French and took him to the Lisle Police Department and placed him in a holding cell for hours.

10. Wise then wrote and swore to a search warrant application based on tainted and unlawfully obtained information – without which there was no probable cause for the issuance of a warrant and therefore a warrant would not have been issued - which resulted in an invasive blood draw from French.

11. French suffered injuries from being placed into custody, jailed, and having his bodily autonomy wrongfully invaded.

12. Though French was charged in the Circuit Court of DuPage County with Driving While Under the Influence of Alcohol, Transportation or Possession of Open Alcohol, and Insufficient Lights on a parked vehicle, all of the above-

referenced "evidence" was suppressed as a violation of French's Fourth Amendment rights. Following such rulings, the Village filed a Certificate of Impairment and appealed the suppression of evidence to Illinois's Third District Appellate Court, where the matter is pending as of this filing.

13. As a result of Wise's actions and directions, French suffered from violations of his constitutional rights, loss of liberty, physical restraint, and other physical injuries.

## COUNT I - UNREASONABLE SEIZURE
### (42 U.S.C. § 1983; U.S. CONST. AMEND. IV, XIV)

14. French incorporates and realleges the allegations of Paragraphs 1 through 13 of this Complaint, inclusive, as if fully restated herein.

15. The acts of Defendant Wise in restricting French's movements and arresting him, all the while subjecting him to sobriety testing, despite lacking any specific articulable facts that French committed or was otherwise involved in criminal activity at the time, violated French's rights under the Fourth Amendment to the United States Constitution to be secure in his person, papers and effects against unreasonable searches and seizures, and his right to due process under the Fourteenth Amendment to the United States Constitution, and thus violated 42 U.S.C. § 1983.

16. The actions and/or inactions of Defendant Wise was the direct and proximate cause of the violations of French's Fourth Amendment rights, his injuries, mental suffering, anguish and humiliation, loss of personal freedom, and expenses, as set forth more fully above.

WHEREFORE, the Plaintiff, ALEX A. FRENCH, pursuant to 42 U.S.C. § 1983, requests this Honorable Court to enter judgment against the Defendant, OFFICER WILLIAM WISE (Star #481), and to award French actual or compensatory damages against Wise, and because he acted maliciously, wantonly, or oppressively, punitive damages, plus the costs of this action, plus attorney's fees pursuant to 42 U.S.C. § 1988, and such other and additional relief as this Court deems just and proper.

COUNT II – FALSE IMPRISONMENT
(42 U.S.C. § 1983; U.S. CONST. AMEND. IV, XIV)

17. French incorporates and realleges the allegations of Paragraphs 1 through 13 of this Complaint, inclusive, as if fully restated herein.

18. Wise, in violation of 42 U.S.C. 1983, under color of law, intended to, and did deprive French of the Fourth Amendment rights to which he was entitled; when Wise restricted French's movements and arrested him, all the while subjecting him to sobriety testing, despite lacking any specific articulable facts that French committed or was otherwise involved in criminal activity at the time; and falsely imprisoned French.

19. Wise intended a physical or mental effect on French.

20. French was confined by Wise when Wise denied French an opportunity to leave without reasonable suspicion of commission of a crime, and later arrested him without probable cause of commission of a crime.

21. French was not free to leave, and could not leave.

22. Further, a reasonable person in French's position would not have felt

free to leave.

23. Wise intended to confine French.

24. French did not consent to the confinement.

25. Wise harmed French and that harm included the violation of French's Fourth Amendment rights, his injuries, mental suffering, anguish and humiliation, loss of personal freedom, and expenses, as set forth more fully above.

26. Wise was and is the proximate cause of French's harm.

WHEREFORE, the Plaintiff, ALEX A. FRENCH, pursuant to 42 U.S.C. § 1983, requests this Honorable Court to enter judgment against the Defendant, OFFICER WILLIAM WISE (Star #481), and to award French actual or compensatory damages against Wise, and because he acted maliciously, wantonly, or oppressively, punitive damages, plus the costs of this action, plus attorney's fees pursuant to 42 U.S.C. § 1988, and such other and additional relief as this Court deems just and proper.

## COUNT III - UNREASONABLE SEARCH
## (42 U.S.C. § 1983; U.S. CONST. AMEND. IV, XIV)

28. French incorporates and realleges the allegations of Paragraphs 1 through 13 of this Complaint, inclusive, as if fully restated herein.

29. Wise, in violation of 42 U.S.C. 1983, under color of law, intended to, and did deprive French of the Fourth Amendment rights to which he was entitled; when Wise without probable cause or reasonable suspicion searched French's person and vehicle.

30. The acts of Wise in unlawfully searching French's person and vehicle

violated French's rights under the Fourth Amendment to the United States Constitution to be secure in his person, papers and effects against unreasonable searches and seizures, and his right to due process under the Fourteenth Amendment to the United States Constitution, and thus violated 42 U.S.C. § 1983.

31. The actions of Wise were the direct and proximate cause of the violations of French's Fourth Amendment rights, as well as the resulting harm, including his constitutional injuries, mental suffering, anguish and humiliation, loss of personal freedom, and expenses, as set forth more fully above.

WHEREFORE, the Plaintiff, ALEX A. FRENCH, requests this Honorable Court to enter judgment in his favor and against the Defendant OFFICER WILLIAM WISE (Star # 481), and to award French actual or compensatory damages against Wise, and because he acted maliciously, wantonly, or oppressively, punitive damages, plus attorney's fees pursuant to 42 U.S.C. § 1988, plus the costs of this action and such other and additional relief as this Court deems just and proper.

## COUNT IV – BATTERY (Illinois State Law)

27. French incorporates and realleges the allegations of Paragraphs 1 through 13 of this Complaint, inclusive, as if fully restated herein.

28. Wise intended a physical and/or mental effect on French.

29. Wise committed an unlawful battery on French when he ordered a blood draw to be done on French after obtaining a warrant based on tainted and unlawfully obtained information.

30. French did not consent to being put in apprehension of an imminent

touching.

31. Wise harmed French, and proximately caused French's resulting physical injury, mental stress, and pain and suffering.

WHEREFORE, the Plaintiff, ALEX A. FRENCH, requests this Honorable Court to enter judgment in his favor and against the Defendant OFFICER WILLIAM WISE (Star # 481), and to award French actual or compensatory damages against Wise, and because he acted maliciously, wantonly, or oppressively, punitive damages, plus the costs of this action and such other and additional relief as this Court deems just and proper.

### COUNT V – FALSE ARREST (Illinois State Law)

32. French incorporates and realleges the allegations of Paragraphs 1 through 13 of this Complaint, inclusive, as if fully restated herein.

33. French was detained and arrested by Wise despite his knowledge that there was no lawful justification for doing so.

34. Wise's misconduct was objectively unreasonable and was undertaken intentionally, with malice and reckless indifference to French's rights.

35. As a result of the above-described wrongful infringement of his rights, French was injured, physically, emotionally and financially.

WHEREFORE, the Plaintiff, ALEX A. FRENCH, requests this Honorable Court to enter judgment against the Defendant, OFFICER WILLIAM WISE (Star #481), and to award French actual or compensatory damages against Wise, and because he acted maliciously, wantonly, or oppressively, punitive damages, and such other and additional relief as this Court deems just and proper

## COUNT VI - INDEMNIFICATION PURSUANT TO 745 ILCS 10/9-102 (VILLAGE)

36. French incorporates and realleges the allegations of Paragraphs 1 through 13 of this Complaint, inclusive, as if fully restated herein.

37. The Village was the employer of Defendant Wise at all times relevant to this Complaint.

38. Defendant Wise committed the acts alleged above under color of law and in the scope of his employment as an employee of the Village's Police Department.

39. Illinois law, specifically Section 9-102 of the Illinois Tort Immunity Act (745 ILCS 5/9-102) provides that public entities are directed to pay any tort judgment for compensatory damages for which the Village or its employees – including police officers - is liable within the scope of their employment activities, including associated attorney's fees and costs.

40. Village is therefore liable to French in the amount of any tort judgment or settlement, including associated attorney's fees and costs, for which Wise is liable.

41. Due to Village's duty of indemnification of Wise under 745 ILCS 10/9-102, Village is a necessary party to this action.

WHEREFORE, Plaintiff, ALEX A. FRENCH, pursuant to 745 ILCS 10/9-102, requests this Honorable Court enter judgment in his favor and against the Defendant, VILLAGE OF LISLE, ILLINOIS, in the amount awarded to French against Defendant Wise as damages, attorney's fees, costs and interest, and/or for

9

any settlement entered into between French and Wise and for whatever additional relief this Court deems equitable and just.

**PLAINTIFF DEMANDS TRIAL BY JURY PURSUANT TO F.R. CIV. P. 38(b).**

Dated: April 28, 2023　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　/s/ David G. Sigale
　　　　　　　　　　　　　　　　　　One of the Attorneys for Plaintiff

David G. Sigale (Atty. ID# 6238103)
LAW FIRM OF DAVID G. SIGALE, P.C.
430 West Roosevelt Road
Wheaton, IL 60187
630.452.4547
dsigale@sigalelaw.com

Donald J. Ramsell (Atty. ID# 6188973)
RAMSELL & KUNOWSKI, L.L.C.
128 South County Farm Road, Suite F
Wheaton, IL 60187
(630) 665-8780
info@dialdui.com

10

## VERIFICATION

Plaintiff, by his signature below, swears that he has read the foregoing Complaint; has understood it to the best of his ability as a non-lawyer. He agrees, under penalty of law that based on his understanding of the Complaint, the contents are truthful, accurate and are based on his best recollection of the events described.

_____
Alex A. French

Date: April 28, 2023