**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ALEX A. FRENCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 1:23 CV 2676 |
| | ) | |
| OFFICER WILLIAM WISE (Star #481) | ) | |
| and VILLAGE OF LISLE, ILLINOIS, | ) | |
| a municipal corporation, | ) | Hon. Elaine E. Bucklo |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS

NOW COMES the Plaintiff, ALEX A. FRENCH, by and through LAW FIRM OF

DAVID G. SIGALE, P.C. and RAMSELL & KUNOWSKI, L.L.C., his attorneys, and for his

Response to the Defendants' F.R. Civ. P. 12(b)(6) Motion to Dismiss, state as follows:

## INTRODUCTION

Defendant Wise's Motion, which ignores and glosses over the established facts – as

determined by the Illinois trial court - that he lacked any reasonable suspicion to seize and detain

French beyond anything necessary for issuing a traffic ticket, and thus lacked any probable cause

to arrest French, lacks merit and should be denied. With no basis, Wise improperly escalated a

community caretaker situation and traffic violation into an investigation and seizure, which

resulted in the loss of French's rights and freedoms under the Fourth Amendment to the United

States Constitution.

Because of these violations, French has stated valid claims, and Defendants' Motion to

Dismiss should be denied.

## STATEMENT OF FACTS

French's Complaint (Dkt #1) is incorporated as if fully restated herein. However, a summary of French's allegations follows:

- Plaintiff French is an adult more than 18 years old with a residence in the Town of Lake Bluff, Illinois.

- Defendant Wise was at all relevant times a Lisle Police Officer, and at all relevant times were acting under color of law and within the course and scope of such employment.

- On April 28, 2021, at approximately 9:52 P.M. on a rainy night, Plaintiff French was standing outside his vehicle on Route 53 at or near its intersection with Summerhill Drive. His vehicle was out of gas and stalled in the right lane. French was attempting to put gasoline in the vehicle, but was having trouble doing so with the "safety" feature of the gasoline container in the dark.

- At that date and time, Wise appeared in his capacity as a Lisle Police Officer and stopped his marked vehicle behind French's vehicle, ostensibly to serve a community caretaker function. Despite the lack of any reasonable suspicion that French had violated any law[1], Wise decided to convert the situation from a community caretaker encounter to one that became custodial. Wise seized French's driver's license, putting French in a position where he was not free to leave, and attempted to compel French to engage in roadside sobriety tests.

- The only basis for detention was the odor of gasoline, bloodshot eyes and an unwillingness by French to voluntarily participate in the criminal investigation of himself. However, despite lacking any probable cause that French

---

[1] Except perhaps the traffic ordinance violation for insufficient lighting on a parked vehicle. (Lisle Ord. 10-1-5/12/-203(a), but nothing else.

2

was intoxicated or in violation of any other law, Wise arrested French and took him to the Lisle Police Department and placed him in a holding cell for hours.

- Wise then wrote and swore to a search warrant application based on tainted and unlawfully obtained information – without which there was no probable cause for the issuance of a warrant and therefore a warrant would not have been issued - which resulted in an invasive blood draw from French.

- French suffered injuries from being placed into custody, jailed, and having his bodily autonomy wrongfully invaded.

- Though French was charged in the Circuit Court of DuPage County with Driving While Under the Influence of Alcohol, Transportation or Possession of Open Alcohol, and Insufficient Lights on a parked vehicle, all of the above-referenced "evidence" was suppressed as a violation of French's Fourth Amendment rights. Following such rulings, the Village filed a Certificate of Impairment and appealed the suppression of evidence to Illinois's Third District Appellate Court.[2]

- Though not referenced in the Complaint, the Village later dismissed *nolle prosequi* the Counts against French for Driving While Under the Influence of Alcohol, Transportation or Possession of Open Alcohol, as well as a second DUI Count [4] which had been added as an additional charge on April 25, 2023.

- As a result of Wise's actions and directions, French suffered from violations of his constitutional rights, loss of liberty, physical restraint, and other

---

[2] Though the Complaint alleges the Village's appeal was still pending, said appeal was since dismissed for lack of jurisdiction. 2024 IL App (3d) 230002, ¶ 1. A Petition for Leave to Appeal to the Illinois Supreme Court was later denied.

physical injuries.

Plaintiff objects to any use of the outside materials which would convert the Defendants' Motion from one under F.R. Civ. P. 12(b)(6) to an F.R. Civ. P. 56(b) Motion for Summary Judgment pursuant to F.R. Civ. P. 12(d). The Defendants have included multiple such exhibits, claiming they are public record. French, in turn, considers himself compelled to counter such materials by including exhibits – transcripts of proceedings in the criminal trial court – which should be allowable under the same principle. However, Plaintiff would also not object to the Court not considering the extraneous material at all, simply because this is a Rule 12(b)(6) Motion.

## **ARGUMENT**

### **Standard for Motion to Dismiss**

### **F.R. Civ. P. 12(b)(6) Standard**

"[W]hen considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the Court takes the allegations in the complaint as true, viewing all facts -- as well as any inferences reasonably drawn therefrom -- in the light most favorable to the plaintiff. *Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000); *Bell Atlantic Corp.*, 127 S. Ct. at 1955 (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508, n. 1 [ ] (2002))." *Manuel v. Lyles*, 2008 U.S. Dist. LEXIS 51433, 5-6 (N.D. Ill. June 30, 2008).

Generally, a dismissal pursuant to Rule 12(b)(6) is appropriate only if there is no set of facts consistent with the pleadings under which the plaintiffs could obtain relief. *See Marquez v. Weinstein, Pinson & Riley, P.S.*, 836 F.3d 808, 812 (7th Cir. 2016). To survive such a motion the

factual allegations of the complaint, accepted as true for the purpose motion, need only be "plausible" and rise above mere speculation. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"A well-pleaded complaint may proceed even if it appears 'that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.' *Bell Atlantic Corp.*, 127 S. Ct. at 1965. Nevertheless, the factual allegations in the complaint must be enough to raise a right to relief above the speculative level. *Bell Atlantic Corp.*, 127 S. Ct. at 1973-74 & n.14." *Manuel*, 2008 U.S. Dist. LEXIS 51433 at **5-6.

## I.     FRENCH'S COMPLAINT STATES A CLAIM FOR RELIEF.

### A.   Count I (Fourth Amendment Unreasonable Seizure) States a Cause of Action.

"The Fourth Amendment protects '[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures.' U.S. Const. amend. IV. It guarantees that 'no warrants shall issue, but upon probable cause, supported by Oath or affirmation . . . .' *Id.*" *Treadwell v. Salgado*, 2022 U.S. Dist. LEXIS 227689, *18 (N.D. Ill. 2022) (quoting *United States v. Ochoa-Lopez*, 31 F.4th 1024, 1026-27 (7th Cir. 2022).

Wise argues that because he could have arrested French for the insufficient lighting violation, that lets him off the hook for everything he did. But the fact is he did *not* arrest Wise for that ordinance infraction; he made it quite clear he arrested French for DUI. The trial court Judge knew this:

> The facts of the case are that the Officer Wise appeared on scene, parked his vehicle in a manner to protect the defendant, who was a disabled vehicle on Route 53, which is a well-traveled state highway. He was there to -- under the, I guess, umbrella of community caretaking to investigate if there was an issue with the defendant's disabled vehicle and how he could help that out, and it morphed into an investigation regarding the defendant for a DUI -- a possible DUI because, based upon the officer's testimony, the defendant was acting weird, jittery, and at the point in time where he asked him to submit to field sobriety tests, I made a finding that there was

5

> no articulable facts or reasonable grounds to ask the defendant to submit to
> the field sobriety tests.

*See* transcript of DuPage County Circuit Court hearing dated December 7, 2022 (Dkt. #35-5 at pp.3-4).

Wise admitted it as well, and since Defendants included extraneous materials outside of the Complaint, French is compelled to do so as well:

> MR. RAMSELL: I'm sorry. I asked him whether one of the reasons why he
> arrested Mr. French, was it because he declined to do the tests; and I kind
> of need an answer to that question.
>
> [WISE]: And I just said, Yes.

*See* DuPage County Circuit Court transcript dated June 9, 2021, attached hereto as Exhibit "A."

> Q. [State's Attorney] So how many times do you think you had to ask him
> if -- You had to ask him numerous times, basically,
> refusing to take the test
>
> A. [Wise] Correct.
>
> Q. -- before you got a straight answer from him?
>
> A. Correct.
>
> Q. And that's the point at which you made the determination that you were
> going to place him under arrest, correct?
>
> A. Correct. Once he formally told me he wasn't going to do any more
> tests, yes.

*See* Exhibit A at p.60.

Wise wrote the same thing in his own search warrant application ("Ultimately, FRENCH refused all other field-sobriety tests and was placed under arrest for DUI."). *See* Dkt. # 35-6 at p.4.

The trial court noted it as well:

> There is no issue regarding whether or not he was going to get a citation for improper parking on the roadway, that was never discussed by Officer Wise. And unlike the typical traffic situation where there is a basis for a stop, a seizure, and then some indicia of impairment, this is a community caretaking situation.

*See* p.3 of DuPage County Circuit Court transcript dated June 18, 2021, attached hereto as Exhibit "B."

Therefore, Wise's DUI arrest of French was without probable cause, and Wise lacked reasonable suspicion to even conduct such the investigation that led – in his mind- to the arrest. *See* Exhibit "B."

"[T]here is no bright-line rule for reasonable suspicion generally and reasonable suspicion for DUI specifically." *People v. Patel*, 2020 IL App (4th) 190917, P23. But in this case it has already been determined that reasonable suspicion was absent, and that Wise violated French's Fourth Amendment rights.

In *Ricci v. Arlington Heights*, 116 F.3d 288 (7th Cir. 1997), the plaintiff was subjected to a custodial arrest for operating a business without a license. The sole issue on appeal was whether that arrest – for a fine-only offense – violated the plaintiff's Fourth Amendment rights. The Court held that "Illinois law authorizes a peace officer to arrest a person when the officer "has reasonable grounds to believe that the person is committing or has committed an offense." 725 ILCS 5/107-2(1)(c). The Illinois law does not differentiate between offenses punishable by fine only and offenses punishable by a possible (or certain) term of imprisonment." *Ricci*, 116 F.3d at 290. The arrest was deemed constitutional.

Here, however, the issue is not whether French could have been arrested for the ordinance violation. The fact is, he was not. So *Ricci* is inapplicable.

Also inapplicable is *Williams v. City of Chicago*, 2012 U.S. Dist. LEXIS 39227, *16 (N.D. Ill. 2012) which noted "[a]s the Seventh Circuit has observed, 'probable cause to believe that a person has committed any crime will preclude a false arrest claim, even if the person was arrested on additional or different charges for which there was no probable cause." *Id.* at *16 (quoting *Holmes v. Vill. of Hoffman Estates*, 511 F.3d 673 (7th Cir. 2007)). Wise arrested French for the alleged DUI; he admitted it in court and it is even in his report. He may attempt to twist the facts now (or during discovery), but it is established that French was not arrested for a parking violation. And for good reason: there would be a public uproar if people were arrested for running out of gas, or getting a flat tire, or having some other type of car trouble, even if it were accompanied by a parking infraction as they sat disabled on the side of the road. That is the point of the community caretaker encounter. But when Wise escalated roadside assistance into a DUI investigation without reasonable suspicion, and arrested French without probable cause, he violated French's rights.

"The Seventh Circuit . . . concluded that damages for false arrest are limited to 'harm [the criminal defendant] incurred from the false arrest before he was charged.' " *Williams*, 2012 U.S. Dist. LEXIS 39227 at *22-23 (quoting *Gauger v. Hendle*, 349 F.3d 354, 362-63 (7th Cir. 2003), abrogated on other grounds by *Wallace v. City of Chicago*, 440 F.3d 421, 427 (7th Cir. 2006)). At worst for French, then, the timeframe of the Fourth Amendment violation may have ended at the illegal blood draw results (unless they were unreliable, a fact not determined in the trial court), but that would not negate Wise's constitutional violations towards French altogether, including when he threw French in jail.

Defendants cite to *Hutter v. Fox*, 2019 U.S. Dist. LEXIS 198052 (W.D. Wis. 2019), but the many differences of the situations show why Defendants' Motion should be denied in this

8

case. In *Hutter*, the plaintiff claimed he was falsely arrested for DUI ("OWI" in Wisconsin) for failing field sobriety tests. Notably, in his civil rights claim on the subject:

> Hutter has submitted no evidence to dispute that performed poorly on the field sobriety tests. He also does not challenge the reliability of the tests Huneke used or otherwise argue that poor performance on the tests did not provide Huneke with probable cause to arrest him. Instead, he argues that because Huneke lacked reasonable suspicion to conduct field sobriety testing at all, his subsequent arrest, which was supported by the results of the field testing, was unlawful.
> . . .
>
> Hutter has submitted no evidence suggesting that Huneke lacked reasonable suspicion to perform the field sobriety testing. Hutter makes some legal arguments in his brief about the incident, but he has not submitted any facts or evidence to support his argument
> . . .
>
> [S]o long as Huneke had probable cause to arrest Hutter, Hutter's false arrest claim fails. From the state court records, it appears that Huneke found probable cause based on his assessment of Hutter's performance on field sobriety tests, the smell of intoxicants in the vehicle, and Hutter's glassy and bloodshot eyes. Hutter has not argued that these facts are insufficient to establish probable cause to arrest for operating while intoxicated.

*Id.* at **21-22 (last par. cleaned up).

The fatal flaw to Defendant's argument is that it has already been adjudicated that Wise lacked probable cause to arrest French, and lacked reasonable suspicion to even subject French to the field tests. French successfully challenged the tests Wise used, and the means by which he applied them (*See*, *e.g.*, Exh. A at pp.25-26. French also challenged the outward signs Wise claimed affected his decision-making process, such as how bloodshot eyes are not a reliable indicator and have been removed as a factor. *See* Exhibit A at pp. 29-31. Regardless of what was not done in *Hutter*, French did argue the Village presented legally insufficient facts to support probable cause, and the trial court agreed and suppressed the purported evidence. *See* Dkt. # 35-4 at pp. 1-2. "Collateral estoppel precludes relitigating a Fourth Amendment issue in a § 1983 case

9

when the issue was raised in a motion to suppress evidence in an earlier criminal proceeding. *Carlton v. Pytell*, 986 F.2d 1421 (Table) (6th Cir. 1993). And 'there is an exception to the requirement that the two matters involve the same parties or their privies 'when the first suit is a criminal matter and the second suit is a civil matter.' ' "*Woodford v. Walden*, 2025 U.S. Dist. LEXIS 62279, *5 (E.D. Mich.) (quoting *Boseman v. Flint Police Dep't*, 2024 U.S. Dist. LEXIS 46699 at *6 (E.D. Mich. Mar. 15, 2024).

Here, the elements are met. The parties are identical, if only in reversed positions. The Village brought the criminal case, and Wise was its star employee/witness. "Second, the legality of the search and the issues raised were clearly central to the outcome of the motion to suppress in Plaintiff's criminal case." Third, the trial court's order to suppress was a final order in the criminal case, subject only to appeal. Fourth, everyone had a full and fair opportunity to argue the Fourth Amendment issue in the criminal case. *See Boseman*, 2024 U.S. Dist. LEXIS 46699 at *8. Therefore, the illegality of Wise's actions has been conclusively determined, and that issue should be considered closed.

While it is settled that the results of a summary suspension hearing cannot be given preclusive effect (*see Ryan*, 8 F. Supp. 3d at 939), in this case there was also a Motion to Suppress the same evidence in the main criminal case. Issue preclusion or collateral estoppel would therefore apply to those rulings.

As French proved to the trial court's satisfaction that probable cause for arrest was not present, and that any blood draw results were inadmissible, it is not a basis for dismissal that the illegal blood draw eventually would have supported probable cause – not just because French would have challenged such results in court – but because "the probable cause analysis is an *ex ante* test: the fact that the officer later discovers additional evidence unknown to her at the time

10

of the arrest is irrelevant as to whether probable cause existed at the crucial time." *Williams*, 2012 U.S. Dist. LEXIS 39227 at *15.

As, at a minimum, everything that Wise did to French - until the time the blood draw results came back – violated his Fourth Amendment rights. The Motion to dismiss Count I should be denied.

B.   Count II (Fourth Amendment False Imprisonment) States a Cause of Action.

"The elements of false arrest and false imprisonment are the same. 'The essential elements of a cause of action for false arrest or false imprisonment are that the plaintiff was restrained or arrested by the defendant, and that the defendant acted without having reasonable grounds to believe that an offense was committed by the plaintiff.' " *Ryan v. Koester*, 78 F. Supp. 3d 935, 940 (C.D. Ill. 2015) (citing *Meerbrey v. Marshall Field and Co., Inc.*, 139 Ill.2d 455, 474 (1990)).

"A 'seizure' triggering the Fourth Amendment's protections occurs only when government actors have, 'by means of physical force or show of authority, . . . in some way restrained the liberty of a citizen,'" *Graham v. Connor*, 490 U.S. 386, 395 (1989) (quoting *Terry v. Ohio*, 392 U.S. 1, 19, n. 16 (1968)" "A seizure of the person within the meaning of the Fourth and Fourteenth Amendments occurs when, taking into account all of the circumstances surrounding the encounter, the police conduct would 'have communicated to a reasonable person that he was not at liberty to ignore the police presence and go about his business." *Kaupp v. Texas*, 538 U.S. 626, 629 (2003). "Because '[t]he test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application,', however, its proper application requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the

11

safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham*, 490 U.S. at 396 (quoting *Bell v. Wolfish*, 441 U.S. 520, 559 (1979)). None of those elements cut in Wise's favor.

". . . [A] seizure may certainly occur without actual physical restraint. If an officer, by means of show of authority, even briefly restrains the liberty of a citizen, we may conclude that a seizure has occurred.  In order to find a seizure, however, we must be able to conclude that coercion, not voluntary compliance, most accurately describes the encounter." *United States v. Smith*, 423 F.3d 25, 28 (1st Cir. 2005). French alleges that multiple factors listed above were present, including Wise's taking of French's driver's license.

"*Terry* searches are limited insofar as they may not be conducted in the absence of an articulable suspicion that the intrusion is justified." *Michigan v. Long*, 463 U.S. 1032, 1052 (1983). Per French's Complaint, and the trial court, such articulable suspicion did not exist.

Further, as to Wise escalating the illegal *Terry* stop into a full-blown illegal arrest, "probable cause must exist 'at the time of the arrest.' " *Ryan v. Koester*, 78 F. Supp. 3d 935, 941 (C.D. Ill. 2015) (citing *Venson v. Altamirano*, 749 F.3d 641, 649 (7th Cir. 2014)). For example, in *Ryan*, the defendant admitted when pulled over that he had consumed alcohol, and there was a smell of alcohol and cannabis when the officer encountered the defendant.

Therefore, for the same reasons Count I should not be dismissed, Count II should not be dismissed, either.

C.  Count III (Fourth Amendment Unreasonable Search) States a Cause of Action.

"Probable cause to search exists 'when, based on the totality of the circumstances, there is a fair probability that contraband or evidence of a crime will be found in a particular place.' " *Treadwell*, 2022 U.S. Dist. LEXIS 227689 at *18.

Despite Wise's repeated assertions that he had probable cause to arrest and search French, the court has already said he did not. This is a "fruit of the poisonous tree" scenario. The trial court has already determined that Wise lacked probable cause to search French's person and vehicle, suppressing any evidence found as a result. Even had Wise detained French on a *Terry*-like traffic stop, which he did not, he had no cause or right to detain French beyond the time required to achieve that purpose. *See Hutter v. Fox*, 2019 U.S. Dist. LEXIS 198052, *13 (W.D. Wis. 2019) ("[A] dog sniff during a lawful stop does not violate the Fourth Amendment, even without reasonable suspicion of drugs, unless the sniff prolongs the stop beyond the time reasonably necessary to accomplish the purpose of the stop.") (citing *United States v. Lewis*, 920 F.3d 483, 491 (7th Cir. 2019); *Illinois v. Caballes*, 543 U.S. 405, 410 (2005)). Even assuming a violation of the lighting ordinance, Wise prolonged the seizure well beyond constitutional limits.

Wise then compounded his actions when he used the improper seizure as a means to obtain a search warrant, which resulted in the intrusive blood draw. "[O]fficers who violate *Franks* and knowingly procure a warrant through misrepresentations or material omissions loses the shield of qualified immunity. *Taylor v. Hughes*, 26 F.4th 419, 430 (7th Cir. 2022) ("An officer who procures a warrant in violation of *Franks* cannot conduct a search in good faith reliance on the validity of that warrant: inherent in a *Franks* violation is a finding that the officer knows—or at least reasonably should know—that the warrant is not valid."); *see also Olson v. Tyler*, 771 F.2d 277, 282 (7th Cir. 1985) ("[I]n cases in which suppression would be warranted because an officer was dishonest or reckless in preparing a warrant affidavit, that officer would not enjoy good faith immunity for civil damages."). *Treadwell*, 2022 U.S. Dist. LEXIS 227689 at *35-36.

In comparison, Defendants cite to *Ochana v. Flores*, 347 F.3d 266 (7th Cir. 2003), but in the case the plaintiff was passed out in his car in traffic during rush hour, and had no recollection of cars honking at him, though his window was open, and did not wake when officers shook him, verbally tried to wake him, and shifted his car into Park. *Id.* at 270. The Court found the circumstances gave the officers probable cause to search the car for an intoxicating agent. *Id.* The factual scenarios are nothing alike, and *Ochana* does not apply.

Simply put, since Wise had no probable cause to arrest French, he had no probable cause to do any of the searches he claims were justified. Even the search warrant for the blood draw was based on faulty and improper information, such as how the information forming the alleged basis for the warrant was illegally obtained. Therefore, the Motion to Dismiss Count III should be denied.

D. <u>Count IV (Battery Under Illinois Law)</u>

French concedes the Defendants' Motion as to Count IV.

E. <u>Count V (False Arrest Under Illinois Law)</u>

French concedes the Defendants' Motion as to Count V.

F. <u>Count VI (Indemnification Under Illinois Law) States a Cause of Action.</u>

The Village's Motion to dismiss Count VI puts the cart before the horse. Its entire argument is "[i]f Plaintiff cannot establish that Officer Wise violated either a constitutional or state law claim, there is nothing to indemnify." Motion at p.15. As a general statement, French agrees. However, since under the facts of this case French states a valid claim against Wise, and

French asserts Wise will ultimately be liable, then the Village's Motion is meritless, and at worst not ripe. The Village's Motion to Dismiss should be denied along with that of the individual Defendant Wise.

## II.   THE INDIVIDUAL DEFENDANT WISE DOES NOT DESERVE QUALIFIED IMMUNITY.

Defendants raise the qualified immunity argument at p.8 of their Motion. French agrees with Defendants that qualified immunity arguments are often inappropriate at the motion to dismiss stage, except perhaps for cases like *Doe v. Vill. of Arlington Heights*, 782 F.3d 911, 915 (7th Cir. 2015), where the issue was whether a claimed right was "clearly established." There is no reason to stray from the general principle of untimeliness here, where presumably everything French and Wise did will end up being contested issues of fact.

Dismissing a complaint for qualified immunity reasons under Rule 12(b)(6) is "a delicate matter that district courts should approach carefully." *Jacobs v. City of Chicago*, 215 F.3d 758, 765 n.3 (7th Cir. 2000). That is because a plaintiff is not required to anticipate a qualified immunity defense in his pleadings. *Id.* Qualified immunity issues are often decided "on the particular facts of a case," making them more appropriate for summary judgment. *Id.*

However, and to respond to Wise's claims, there is no doubt the Fourth Amendment right against infringements such as those alleged in French's Complaint is clearly established. *See, e.g.*, *Kaupp v. Texas*, 538 U.S. 626, 630 (2003); *Terry v. Ohio*, 392 U.S. 1 (1968).

"To determine whether a right is clearly established, the Court looks to controlling precedent from both the Supreme Court of the United States and the Seventh Circuit Court of Appeals, and if there is no such precedent it 'cast[s] a wider net' and examines 'all relevant case law to determine whether there was such a clear trend in the case law that [it] can say with fair assurance that the recognition of the right by a controlling precedent was merely a question of

15

time.' *Abbott v. Sangamon Cnty., Ill.*, 705 F.3d 706, 731 (7th Cir. 2013) (quotations and citations omitted). As set forth by the Supreme Court, 'a court must ask whether it would have been clear to a reasonable officer that the alleged conduct 'was unlawful in the situation he confronted.' If so, then the defendant officer must have been either incompetent or else a knowing violator of the law, and thus not entitled to qualified immunity.'" *Stefanov v. McIntyre*, 2023 U.S. Dist. LEXIS 24517, *17-18 (S.D. Ind. 2023); *see also District of Columbia v. Wesby*, 583 U.S. 48, 63 (2018).

"While there does not have to be 'a case directly on point,' existing precedent must place the lawfulness of the particular arrest "beyond debate." *See Wesby*, 583 U.S. at 64. That standard is certainly met in French's Complaint.

Defendants cite *Treadwell v. Salgado*, 2022 U.S. Dist. LEXIS 227689 (N.D. Ill. 2022) to argue Wise had "arguable probable cause" to turn a community caretaker encounter into a prolonged warrantless search and seizure. But in *Treadwell*, the officers - who obtained a search warrant of the plaintiff's home with false information and material omissions - found weapons and drugs in the house. Coupled with the knowledge the plaintiff was a convicted felon, the Court found the necessary probable cause to grant qualified immunity from civil liability for the officers' actions. *Id.* at ** 46-47.

But Wise's argument demonstrates why both qualified immunity should not be addressed, and why French's Complaint should not be dismissed. Wise attempts to bolster his credibility by arguing: "French was stopped at night, without lights, in a lane of traffic and having difficulty filling his car with gas (Exhibit 1, ¶ 7), along with "bloodshot eyes and an unwillingness" to participate in Wise's investigation. (Exhibit 1, ¶ 9). Considering those

circumstances, a reasonable officer could believe he had reasonable suspicion to administer field sobriety tests." Motion at p.9.

But consider these "facts" on which Wise relies. According to Wise, one's car breaking down/getting a flat tire/running out of gas at night gives reasonable suspicion of DUI, which is absurd. Wise testified in Exhibit "B" that he did not see French actually spill gas; it was already on the ground when he arrived, and the "second" time French tried he did not spill it. *See* Exhibit B at 70-71. And even if one did spill some gas while trying to fill a gas tank at night with a plastic gas can, that means absolutely nothing. Further, Wise admitted that in 1997 the NHTSA removed "bloodshot eyes" as a cue of impairment." *See* Exh. A at p.31. Wise also claims that French's unwillingness to go along with Wise's actions of turning a community caretaker situation and turning it into a lengthy seizure means he was impaired. That bias is borne out when Wise admits that he had already decided French was DUI, and the tests he wanted to administer were not going to change his mind regardless of the result, but he did not want French to complain he did not get the opportunity. *See* Exh. A at p.33.

So it is *not* true that a reasonable officer would have relied on the factors Wise employed. An overzealous officer, perhaps.

And, as noted herein, it may be that French's claim was cut off when the blood draw results came back, *see Williams*, 2012 U.S. Dist. LEXIS 39227 at *22-23, though French would certainly have challenged the validity of said results. But since the trial court ruled that there was no reasonable suspicion to investigate French and no probable cause to arrest him or do the blood draw, the veracity of the blood draw results never arose. This case is not illegal guns and drugs in the home of a known felon like in *Treadwell*. Probable cause – actual or arguable- simply did not exist. And when the police knowingly use false information as justification for bringing the

17

hammer of law enforcement down on a civilian, they are not entitled to qualified immunity when their wrongful actions are exposed.

Wise's behavior has none of the usual traits for which the Supreme Court permits qualified immunity. Most qualified immunity cases involve state actors who make reasonable or negligent mistakes about the law. These mistakes are often made by police in the heat of the moment, in difficult circumstances. In contrast, Wise turned a community caretaker situation into a full-blown detention, investigation, and arrest, when he had no cause to do any of those things. At most, absent probable cause, he could detain French under *Terry* for the limited time it would take to write him a traffic ticket. But instead, he called for backup and, without reasonable suspicion to do so, set in motion a chain of events that resulted in French being arrested and subject to bodily invasion in the form of a blood draw. All of this was an intentional subversion of French's rights under *Kaupp*, *Terry*, and other clearly-established precedent. Wise's actions were not split-second judgments (French's car was disabled and Wise had his driver's license), but made deliberately.

Therefore, at the very least, French has stated a valid claim that Wise deliberately violated his clearly-established Fourth Amendment rights *via* the clearly-established forbidden practice of arresting without probable cause and prolonged detention without reasonable suspicion.

Qualified immunity was never meant to facilitate state actors' deliberate efforts to undermine constitutional rights. This Court should hold that qualified immunity does not protect Wise's wrongful actions, which were an unreasonable violation of French's clearly-established Fourth Amendment rights. The Defendants' Motion does not show that there is no set of facts

consistent with French's Complaint upon which relief could be granted. The Defendants' Motion
to Dismiss should be denied so that French may have the opportunity to prove his case.

## **CONCLUSION**

WHEREFORE, the Plaintiff, ALEX A. FRENCH, requests this Honorable Court deny
the Defendants' Motion to Dismiss - except for Counts IV and V - and for any and all further
relief as this court deems appropriate.


Date:  June 26, 2025                                    /s/ David G. Sigale
                                                        One of the Attorneys for Plaintiff

David G. Sigale (Atty. ID# 6238103)
LAW FIRM OF DAVID G. SIGALE, P.C.
55 West 22nd Street, Suite 230
Lombard, IL 60148
630.452.4547
dsigale@sigalelaw.com

Donald J. Ramsell, Esq.
RAMSELL & KUNOWSKI, L.L.C.
128 South County Farm Road, Suite F
Wheaton, IL 60187
info@dialdui.com

**<u>CERTIFICATE OF ATTORNEY AND NOTICE OF ELECTRONIC FILING</u>**

The undersigned certifies that:

      1.      On June 26, 2025, the foregoing document was electronically filed with the District Court Clerk *via* CM/ECF filing system;

      2.      Pursuant to F.R. Civ. P. 5, the undersigned certifies that, to his best information and belief, there are no non-CM/ECF participants in this matter.

/s/ David G. Sigale<br>
One of the Attorneys for Plaintiff

David G. Sigale (Atty. ID# 6238103)
LAW FIRM OF DAVID G. SIGALE, P.C.
55 West 22nd Street, Suite 230
Lombard, IL 60148
630.452.4547
dsigale@sigalelaw.com