IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| Alex A. French, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 23 C 2676 |
| | ) | |
| | ) | |
| William Wise and the Village | ) | |
| of Lisle, Ill., | ) | |
| | ) | |
| Defendants. | ) | |

Memorandum Opinion and Order

Plaintiff Alex A. French ("French") alleges that defendant William Wise ("Officer Wise"), a police officer for the Village of Lisle, Illinois (the "Village"), seized, arrested, and searched him without the requisite quanta of suspicion. He brings this action against Officer Wise and the Village under 42 U.S.C. § 1983 and Illinois common law. Defendants have moved to dismiss the complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6). I grant the motion for the reasons below.

1

I.

Late on April 28, 2021, Officer Wise encountered French, whose vehicle was stopped in the right-hand lane of Route 52 in Lisle, Illinois. The vehicle was out of gas, and French was trying to refuel it from a handheld container. Officer Wise approached French to see if he needed assistance. During their conversation, Officer Wise began to suspect that French was intoxicated and asked him to submit to field sobriety tests. French claims that the request constituted a detention amounting to an unreasonable seizure in violation of the Fourth and Fourteenth Amendments. (Count I). Following the tests, Officer Wise arrested French on suspicion that he had been driving under the influence of alcohol. French claims that this arrest was both an unconstitutional seizure and a tortious false imprisonment (Counts II and V). At the station, French declined to submit to a chemical test of his blood. Officer Wise then obtained a warrant to draw—and did draw—French's blood. French claims that the blood draw amounted to an unconstitutional search and an assault (Counts III and IV).

The Village charged French with Driving Under the Influence of Alcohol ("DUI"), Driving with an Open Container, and violating a Lamps on Parked Vehicles statute, pursuant to 625 ILCS 5/11-501(a)(2), 11-502(a), and 12-203(a), as adopted by the Village's Code of Ordinances. French argued that Officer Wise had had no

2

reasonable suspicion of DUI at the time he subjected French to the sobriety tests, and he moved to suppress all evidence recovered following that request. The trial court granted that motion.[1]

The Village appealed the suppression decision, and French filed this suit, which I stayed during the pendency of the appeal. The appeal was dismissed for lack of jurisdiction, *Village of Lisle v. French*, 238 N.E.3d 573, 578–79 (Ill. Ct. App. 2024), and the Village moved for *nolle prosequi* of the DUI and open container charges. The trial court granted that motion and later found French guilty of the Lamps on Parked Vehicle charge.

II.

Defendants have moved to dismiss French's complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing the pleader is entitled to relief." To survive a motion to dismiss under Rule 12(b)(6), complaints need not contain detailed factual allegations, but they must contain more than mere "labels and conclusions," or "formulaic recitation[s] of

---

[1] Technically, French first moved to rescind the automatic license suspension he had incurred by refusing a blood draw. French won recission, then successfully moved for suppression based on the transcript of the recission hearing. *Village of Lisle v. French*, 238 N.E.3d 573, 575 (Ill. Ct. App. 2024); s*ee* 625 ILCS 5/11-501.1 (substantially the same standard applies to recission and suppression decisions).

the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007). "After excising" legal conclusions and conclusory allegations, I must "determine whether the remaining factual allegations plausibly suggest an entitlement to relief." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (citations omitted). "Making the plausibility determination is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id.* (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

Section 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State" deprives a person of his federal constitutional or statutory rights shall be liable in an action at law. 42 U.S.C. § 1983. To survive a motion to dismiss a § 1983 claim, a plaintiff must allege facts which show that the defendants deprived him of a right secured by the Constitution or any law of the United States and that the deprivation of that right resulted from the defendants acting under color of law. *Lekas v. Briley,* 405 F.3d 602, 606 (7th Cir. 2005).

III.

Preliminarily, French's response to Defendants' motion concedes that the state tort claims in Counts IV and V are time barred and should be dismissed. I agree.[2]

A. Seizures

In Counts I and II, French alleges that he was seized in violation of the Fourth Amendment: first, when Officer Wise detained him without reasonable suspicion by subjecting him to sobriety testing; and second, when Officer Wise arrested him for a DUI without probable cause.

As applied to the states, the Fourth Amendment protects the right of the people to be free from "unreasonable searches and seizures." U.S. Const. amend. IV, XIV. An officer may conduct a "brief [warrantless] stop"—an investigative detention—if he possesses at least reasonable suspicion. *United States v. Riley*, 493 F.3d 803, 808 (7th Cir. 2007). A less demanding standard than probable cause, reasonable suspicion means that officers are in possession of specific and articulable facts which would lead one to suspect that a crime is occurring and that the person they are

---

[2] Defendants argue that qualified immunity decides Counts I–III and that I should apply the doctrine at this early stage. Because I can resolve those counts with search and seizure principles, I do not reach the question of qualified immunity.

5

stopping is responsible. *Ramos v. City of Chicago*, 716 F.3d 1013, 1017 (7th Cir. 2013). To effect a warrantless arrest, an officer needs probable cause. *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004). An officer has probable cause if "the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the [suspect] had committed or was committing an offense." *Carmichael v. Village of Palatine, Ill.*, 605 F.3d 451, 457 (7th Cir. 2010) (internal citations omitted).

The inquiry in either case is objective and looks to the facts in the officer's possession at the moment of the seizure. *Mahoney v. Kesery,* 976 F.2d 1054, 1057 (7th Cir. 1992). "If an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender." *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001). And in the Section 1983 context, if an officer had probable cause to believe that the person he seized was engaged in criminal activity, then a Fourth Amendment claim for false arrest is cut off. *Holmes v. Village of Hoffman Estate*, 511 F.3d 673, 679–680 (7th Cir. 2007).

In Counts I and II, Defendants argue that, because Officer Wise had probable cause to arrest French for a parking violation,

both the stop and the arrest were lawful.[3] French resists this conclusion, citing evidence from the state proceedings to demonstrate that Officer Wise's subjective intent was to stop and arrest him for a DUI. ECF 41-1 at 6. Officer Wise's subjective intent is irrelevant. *Whren v. United States*, 517 U.S. 806, 813 (1996). If Officer Wise was in possession of facts amounting to probable cause that French was committing a parking violation, then the Section 1983 claims for unreasonable seizures in Counts I and II fail. *Holmes*, 511 F.3d at 679–680.

The Lamps on Parked Vehicle statute requires that, "during the period from sunset to sunrise every...motor vehicle which is standing on any highway shall display a parking light on the front and at the rear of the same." 625 ILCS 5/12-203(a). French's complaint pleads the first two elements of a violation: it was "dark" out when Officer Wise approached, and French's vehicle was "on Route 53...stalled in the right lane," but it is silent as to

---

[3] Defendants also argue that, because the exclusionary rule does not apply in the Section 1983 context, French's failure of the sobriety tests, suppressed by the state court, supplied Officer Wise with probable cause to arrest French for a DUI at Count II. ECF 35 at 8. Defendants are correct that "the exclusionary rule does not apply in a § 1983 suit against police officers," *Vaughn v. Chapman*, 662 F. App'x 464, 467 (7th Cir. 2016), but French disputes whether he in fact failed those tests. ECF 41-1 at 9. Because I resolve the motion as to Counts I and II on the basis of Defendants' first argument, I do not address this second one.

the vehicle's hazard lights. ECF 1 at 2–3. If they were off, then Officer Wise had probable cause to arrest French for the violation.

Defendants attempt to expand the factual universe of their 12(b)(6) motion by attaching and referring to several state court documents. *See* ECF 35-2—35-6. French protests in his response that "outside materials" should convert the motion into one for summary judgment under Rule 56 and then attaches several of his own exhibits from the state court proceeding, writing that he felt "compelled" to do so. ECF 41-1 at 4.

It is generally correct that Rule 12(d) confines my decision to the facts pled in the complaint, and if "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." But there are other sources of fact from which I may draw without leaving the 12(b)(6) context. I may take judicial notice of state court records. *Fosnight v. Jones*, 41 F.4th 916, 922–23 (7th Cir. 2022) ("We've long held that district courts can take judicial notice of public court documents and proceedings when considering a Rule 12(b)(6) motion.") (citations omitted). And I may consider documents attached to other filings if they "are documents to which the Complaint had referred, [if they are] concededly authentic, and [if] they [are] central to the plaintiff's claim," *Hecker v. Deere & Co.*, 556 F.3d 575, 582 (7th Cir. 2000).

8

Here, the state court convicted French of violating the Lights on Parked Vehicles statute. *Village of Lisle v. French*, 2021DT000872-0003 (Ill. Cir. Ct. DuPage Cnty. Apr. 9, 2025); ECF 35-3. I take notice of that decision. French's response does not dispute Defendants' contention that his hazard lights were off; indeed, French's own attachments, including the transcript of the suppression hearing and the state court's findings following that hearing, are consistent with the state court's decision. In the former, Officer Wise testified that that French's hazards were off. ECF 41-2 at 9–10. In the latter, the state court found that French's hazards were off. ECF 41-3 at 2–3. Because Officer Wise had probable cause for a parking violation, French fails to state a claim that either the detention at Count I or the arrest at Count II was unreasonable.

## B. Search

In Count III, French alleges that Officer Wise unlawfully searched his "person and vehicle." ECF 1 at 6. Neither the complaint nor French's response nor its attachments contain any facts about a vehicle search. To the extent that Count III concerns a vehicle search, French fails to state a claim. *See W. Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 675 (7th Cir. 2016) ("[a plaintiff] must provide more than mere labels and conclusions or a formulaic recitation of the elements of a cause of action for

her complaint to be considered adequate.") (citations omitted). As to his person, French's contention is that the warrant Officer Wise used to obtain a blood draw was invalid.

Where he lacks consent, an officer needs a valid warrant to obtain a blood draw. *Missouri v. McNeely*, 569 U.S. 141, 148 (2013). Defendants argue that Officer Wise applied for and was entitled to rely on a facially valid warrant and that it is immaterial that the warrant relied on facts which a state court later suppressed. An officer is entitled to rely on a facially valid warrant issued by a neutral magistrate. *See United States v. Mykytiuk*, 402 F.3d 773, 777 (7th Cir. 2005). A defendant can challenge a warrant application by asserting that the affiant made false statements of material fact in the application. *Franks v. Delaware*, 438 U.S. 154, 155–56 (1978).

French characterizes the search as "a 'fruit of the poisonous tree' scenario." ECF 41-1 at 13. He explains in the complaint that Officer Wise "wrote and swore to a search warrant application based on tainted and unlawfully obtained information—without which there was no probable cause for the issuance of a warrant and therefore a warrant would not have been issued." ECF 1 at 3. French cites *Taylor v. Hughes*, 26 F.4th 419, 430 (7th Cir. 2022), for the proposition that *Franks* will invalidate a warrant based on false information, and he refers to *Olson v. Tyler*, 771 F.2d 277, 282

10

(7th Cir. 1985), to show that an officer who was dishonest or reckless in preparing a warrant application is not entitled to qualified immunity under *Franks*. ECF 41-1 at 13. But even after citing *Franks*, French does not allege what that case requires: that Officer Wise knowingly or recklessly provided false information in the warrant application. Instead, French's only assertion is that the warrant was invalid because it was the fruit of a seizure which the state court eventually suppressed.

The warrant application is indeed based largely on facts Officer Wise acquired after asking French to submit to standard field sobriety tests. *See generally* ECF 35-6. But that does not invalidate the warrant, because the exclusionary rule does not apply in a Section 1983 suit. *Martin v. Marinez*, 934 F.3d 594, 599 (7th Cir. 2019). Because the warrant is otherwise valid—it makes out probable cause and was issued by a neutral magistrate—Officer Wise was constitutionally entitled to rely on it in obtaining a blood draw. *Mykytiuk*, 402 F.3d at 777. As such, French fails to state a claim for an unreasonable search of his person under the Fourth Amendment and Section 1983.

## C. Estoppel

As to Counts I–III, French's response also raises the issue of collateral estoppel. French contends that because the state

court judge granted suppression, Defendants now should be estopped from asserting that his and Officer Wise's interaction was lawful.

Rulings in prior state criminal proceedings can estop elements of Section 1983 actions. *Allen v. McCurry*, 449 U.S. 90, 101 (1980). Under 28 U.S.C. § 1738, I afford the same preclusive effect to state criminal proceedings that the state would under its own collateral estoppel rules. *Adams v. Adams*, 738 F.3d 861, 865 (7th Cir. 2013). In Illinois, a prior court decision precludes a party from contesting an issue if "(1) the issue decided in the prior adjudication is *identical* with the one presented in the suit in question, (2) there was a final judgment on the merits in the prior adjudication, and (3) the party against whom estoppel is asserted was a party or in privity with a party to the prior adjudication." *Nowak v. St. Rita High Sch.*, 757 N.E.2d 471, 478 (Ill. 2001) (emphasis in original).

The second element does not obtain here.[4] There was no final judgment on the merits of the suppression in the state court. The state trial judge granted the motion, but the Village's appeal was dismissed for want of jurisdiction, rather than denied on the merits. *Village of Lisle v. French*, 238 N.E.3d 573, 576 (Ill. App.

---

[4] Because I resolve this issue for lack of the second element, I do not pass on the first or third ones.

Ct. 2024). *See Sornberger v. City of Knoxville, Ill.*, 434 F.3d 1006, 1021-22 (7th Cir. 2006). Defendants are thus not estopped from contesting the validity of the seizures and search at Counts I-III.

## IV.

The last count in French's complaint goes to the Village's statutory duty to indemnify Officer Wise if Officer Wise were to incur tort liability in the course of his employment. Because French would have to state a claim at any other count to state a claim at this subsidiary count, and because he has failed to state a claim at the other counts, he fails to state a claim at Count VI as well.

I grant Defendants' motion to dismiss under Rule 12(b)(6).

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: December 15, 2025

13